## In re HENDERSON.

### No. 41081.

District Court, E. D. New York.

April 9, 1942.

Henry W. Parker, of New York City, for objecting creditor.

Mordecai Jacobsen, of Lynbrook, N. Y., for bankrupt.

ABRUZZO, District Judge.

This is a motion by an objecting creditor for an order sustaining the petition to review the order dismissing the objections to the discharge of the bankrupt and for a further order denying the bankrupt's discharge.

The specification under consideration reads as follows: "First: That the bankrupt has committed a crime punishable by imprisonment under the Bankruptcy Act by knowingly and fraudulently making a false oath to Schedule B of his schedules in bankruptcy filed herein, that said schedule was a statement of all his property, real and personal, according to the best of his knowledge, information and belief. Said schedule did not state a claim in favor of the bankrupt and against one Bertram G. Meier, his brother-in-law, for $2,004.46, and said omission was knowing, willful and fraudulent, and the oath made by the bankrupt to said Schedule B was false."

The referee found that this specification had not been sustained.

The evidence adduced before the referee disclosed that the bankrupt failed to list in his schedules a claim against Bertram G. Meier, brother-in-law of the bankrupt, in the sum of $2,004.46. It is clear from the testimony that Meier owed the bankrupt the aforementioned amount. It was omitted from the bankruptcy schedules.

The attorney for the trustee testified that the trustee had recovered a judgment against Meier on this claim and that in his opinion the claim had considerable value.

The bankrupt stated that he considered the debt uncollectible but admitted that he knew that if he recovered a judgment and garnishee execution was issued, he could have collected at least $2 a week. It was his opinion that he "didn't think it would be worth while."

The referee determined that there was nothing to indicate that the bankrupt intended to make a false oath and at the time of the preparation of the schedules the debt was omitted upon advice of counsel.

It was not until the bankrupt's income tax returns were produced and examined that the Meier loan came to light. It had been listed as a loss but the State of New York had not yet passed upon the claim, permitting the deduction.

There is very meagre evidence to warrant a finding that the bankrupt omitted the claim upon advice of counsel. The referee erred in his conclusion on that point. Advice of counsel does not excuse or justify the bankrupt's failure to fulfill his obligation under the bankruptcy act, 11 U.S.C.A. § 1 et seq., unless it is proved that he made a full and frank disclosure of all of the facts incidental to the loan in question. The defense of advice of counsel must be predicated on such a frank disclosure. There is no evidence to base this erroneous conclusion to be found in the record. The testimony, on the contrary, reveals that the claim has some value as evidenced by the testimony of the attorney for the trustee and the corroboration by the bankrupt that a garnishee order would result in the collection of part of this loan. The trustee obtained a judgment against Meier and is proceeding to make collection thereon.

It is impossible to escape the realization that the bankrupt did not intend the creditors to know about the debt due him by his brother-in-law. He deliberately withheld that information. This conclusion is based upon the fact that the creditors did not discover the Meier debt until they examined the bankrupt's New York State income tax return when the loan came to light for the first time. Although he endeavored to deduct this loan as a loss to escape state taxation, at the same time he withheld the debt from his bankruptcy schedules in order to protect his brother-in-law.

This conduct was willful and the oath made by the bankrupt was false. If a bankrupt willfully omits from his schedules any property which he should have disclosed, he makes a false oath. In re Wolfensohn, 5 A.B.R. 60.

The "First" specification has been amply sustained. The referee is overruled and the bankrupt is not entitled to a discharge.

Settle order on two days' notice.